UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SUSAN RIDLING, | ) | |
| | ) | CIVIL ACTION |
| | ) | FILE NO._____ |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| v. | ) | |
| | ) | |
| CITY OF FOREST PARK, GA. | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, Title 1 of the Civil Rights Act of 1991, the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"), to correct unlawful employment practices on the basis of race, age, and disability discrimination as well as hostile work environment, retaliation, violation of federal constitutional rights, and to provide appropriate relief to Plaintiff Susan Ridling ("Plaintiff" or "Ms. Ridling") against Defendant City of Forest Park, GA ("Defendant" or "City of Forest Park"). Ms. Ridling alleges that City of Forest Park created a hostile work environment based on her race, age, and disability, and terminated her employment after she opposed the harassment in violation of Title VII, ADEA, and ADA. In doing so, City of Forest Park also deprived Ms. Ridling of her rights under color of state law, regulations, custom or usage in violation of 42

U.S.C. section 1983, the Equal Protection Clause of the United States Constitution, and 42 U.S.C. section 1981. Plaintiff is seeking injunctive relief, back pay and lost benefits, compensatory damages, and attorneys' fees and costs against Defendant.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981 (a), and 42 U.S.C. Section 1983.

2.

Venue is proper in this district and division under 28 U.S.C. section 1391 because Defendant City of Forest Park conducts business in this district and division and the unlawful actions and practices alleged herein were committed within the Northern District of Georgia.

3.

Defendant City of Forest Park's actions at issue in this matter were taken under color of state and local law.

4.

Defendant's discriminatory and retaliatory conduct described herein was accomplished pursuant to unofficial policy and custom of City of Forest Park or was committed or authorized by officials whose acts can be fairly deemed to be the actions and official policy and customs of City of Forest Park.

**PARTIES**

5.

Ms. Ridling is a citizen of the United States and a resident of the State of Georgia. She is a former employee of the City of Forest Park.

6.

City of Forest Park has more than fifteen (15) employees and is an employer within the meaning of Title VII.

7.

City of Forest Park is a municipal corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

8.

City of Forest Park may be served with process by serving Mayor Angelyne Butler at the office of the Mayor, 745 Forest Parkway, Forest Park, GA 30297.

## ADMINISTRATIVE PROCEDURES

9.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on February 10, 2020 – within 180 days of the occurrence of the discrimination and Defendant's termination of her employment.

11.

Plaintiff received her Notice Right to Sue and instituted this civil action in the appropriate federal district court within 90 days of the receipt of the Notice of Right to Sue.

12.

All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.

On August 1, 1984, Defendant hired Ms. Ridling to work as an Administrative Assistant to the Assistant City Manager.

14.

Throughout her thirty-five (35) year career with City of Forest Park, Ms. Ridling received recognition for her work performance and received promotions. In or around 1997, Ms. Ridling was promoted to the position of Administrative

Supervisor, and she worked in this position until November 7, 2019, when she was unlawfully terminated.

15.

In or around early 2018, new leaders were elected for the City of Forest Park including, Angelyne Butler (African American), who took office as the new Mayor of the City of Forest Park.

16.

In or around early 2018, City of Forest Park's City Council also added newly elected leader Kimberly James (African American) joining re-elected Council Woman Latresa Akins Wells (African American), re-elected Council Man Dabouze Antoine (African American), Council Man Allen Mears (Caucasian), and Council Woman Sandra Bagley (Caucasian).

17.

Throughout 2018 and 2019, comments were made within closed door sessions of the City of Forest Park's Council that the leaders over various city departments had "been there too long," and that the leaders need to look "more like me" by African American members of the Council. These comments were reported by witnesses to the City's Directors and were taken to mean that Caucasian, older employees should be separated from their employment with the City of Forest Park.

18.

Beginning in 2018 and continuing through Ms. Ridling's unlawful termination in November 2019, there were numerous instances of Caucasian employees at various levels within the City of Forest Park with decades of service to Defendant being separated without cause or reason and without prior warning. Several Caucasian employees over age forty (40) were separated just before their retirement dates.

19.

In or around 2018, Ms. Ridling complained to City Manager, Angela Redding ("Ms. Redding") (African American) about the unfair treatment she received from interim Police Chief Jason Armstrong (African American). Ms. Redding did not investigate Ms. Ridling's complaint. Instead, Ms. Redding told Ms. Ridling not to worry about it and things would eventually work themselves out with the new leadership. Interim Police Chief Armstrong verbally reprimanded Ms. Ridling for talking with Ms. Redding.

20.

In or around April 2019, Ms. Ridling began reporting to newly appointed Police Chief Nathaniel Clark ("Chief Clark") (African American). Ms. Ridling attempted to support Chief Clark in the same manner that she previously supported the prior Police Chiefs.

21.

Chief Clark excluded Ms. Ridling from meetings that she previously participated in, rarely spoke with Ms. Ridling and would not communicate with her except via email, cut off Ms. Ridling's access to computer programs used for her job duties, removed her from her office and had her work in a storage office, dispatched her job duties to other personnel and repeatedly implemented new policies and procedures about which Ms. Ridling was never included or informed, despite her job position as Administrative Supervisor for the Department. African American, younger, and non-disabled employees were not treated in this manner by Chief Clark.

22.

Chief Clark demoted Ms. Ridling in title; however, he made no other demotions and/or title changes in the department to the African American, younger, and non-disabled employees.

23.

During this time, Ms. Ridling was counseled for using "Kin Care" leave to care for her father and was written up for receiving telephone calls from her doctor.

24.

Ms. Ridling was also treated differently based on her race, age, and disability by being written up for closing her door to work on tasks and placing her telephone

on do not disturb mode during her lunch, by being written up for providing auditors with information as requested regarding petty cash policies, by being written up for a first time occurrence of allegedly not putting a time sheet in the mailbox by a certain time after a policy in place for approximately thirty-five years was changed. African American, younger, and non-disabled employees were not written up for similar actions.

25.

Due to enduring a hostile work environment on a daily basis, Ms. Ridling had to seek medical treatment for severe anxiety and sleep deprivation.

26.

In or around July 2019, Ms. Ridling was notified that she was being suspended for the manner in which she managed funding from a third-party to the police department, which such funding ended in or around 2016.

27.

Defendant unlawfully terminated Ms. Ridling in or around November 2019. Ms. Ridling was confused by her suspension and termination for activities that occurred more than three (3) years prior because there had been annual audits completed, and she always worked as instructed by prior Police Chief Dewayne Hobbs ("Chief Hobbs") (Caucasian) in accordance with the policies and procedures he established and which were regularly audited, including audits by the Council.

28.

After unlawfully terminating Ms. Ridling, Defendant hired an African American under age forty years old to replace Ms. Ridling.

29.

Following the termination of Ms. Ridling, Forest Park continued a pattern of discrimination by terminating Caucasian, older employees and department heads without cause or reason.

30.

The City Council also removed the names of Caucasian employees from buildings that had been named after them.

31.

The effect of the practices complained of above have been to deprive Ms. Ridling of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, age, and/or disability, perceived disability, and/or association with an individual with a disability.

32.

Defendant subjected Ms. Ridling to retaliation because she opposed harassment based on her race, age, disability, perceived disability, and/or association

with an individual with a disability and hostile work environment in violation of Title VII, ADEA, and/or ADA.

33.

The unlawful employment practices complained of above were intentional.

34.

The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally-protected rights of Ms. Ridling.

## COUNT 1

### Race and Age Discrimination in Violation of Title VII of The Civil Rights Act of 1964, As Amended

35.

Plaintiff incorporates by referenced the preceding Paragraphs as if fully restated herein.

36.

Ms. Ridling is Caucasian and was 57 years old at the time of her termination.

37.

Ms. Ridling is qualified for the position from which she was terminated.

38.

Defendant discriminated against Ms. Ridling in the terms and conditions of her employment when it terminated her employment and replaced her with a younger, African American candidate in violation of Title VII.

39.

Defendant discriminated against Ms. Ridling in the terms and conditions of her employment when Ms. Ridling was terminated but similarly situated, younger employees were not.

40.

Ms. Ridling is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT II

**Denial of Equal Protection of the Laws in Violation of the Fourteenth Amendment to the United States Constitution by City of Forest Park, Race Discrimination in Violation of 42 U.S.C. Section 1981 Through 42 U.S.C. Section 1983**

41.

Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

42.

Ms. Ridling is Caucasian and was terminated by Defendant because of her race.

43.

Defendant discriminated against Ms. Ridling in the terms and conditions of her employment when she was terminated while allowing similarly situated African American employees to remain at work and promoted into her position in violation of 42 U.S.C. Sections 1981 and 1983.

44.

Defendant discriminated against Ms. Ridling on the basis of her race by terminating her as part of a larger scheme, policy, and practice of discrimination on the basis of race.

45.

Defendant did so in violation of clearly established constitutional and statutory authority that such actions are a violation of the law.

46.

City of Forest Park took these actions as part of an unofficial government policy or custom which discriminates against Caucasian employees.

47.

The conduct of City of Forest Park in terminating Ms. Ridling on the basis of her race while not terminating Black coworkers for the same or similar conduct violates Ms. Ridling's right to the equal protection of the laws as granted by the Fourteenth Amendment to the United States Constitution.

48.

City of Forest Park proximately caused this violation of Ms. Ridling's rights and so acted under color of the state law and local ordinances, regulations, customs, and usages of City of Forest Park in violation of 42 U.S.C. Section 1983.

49.

Pursuant to 42 U.S.C. Section 1981 as effectuated by 42 U.S.C. Section 1983, Ms. Ridling is entitled to declaratory relief, injunctive relief, compensatory damages, and attorney's fees, and all other appropriate damages, remedies, and other relief against Defendant because Defendant discriminated against Ms. Ridling on the basis of her race as part of a larger scheme, policy, and practice and in violation of clearly established laws.

50.

This violation of rights was proximately caused by Defendant, who was acting under color of state law, and local ordinances, regulations, customs, or usages of the City of Forest Park in violation of 42 U.S.C. Section 1983.

51.

Defendant also terminated multiple Caucasian employees around the same time, prior to and after terminating Ms. Ridling.

52.

As a direct and proximate result of the Defendant's actions, Ms. Ridling has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

53.

Ms. Ridling was damaged by Defendant's actions in an amount to be proven at trial.

## COUNT III

### Age Discrimination in Violation of the Age Discrimination in Employment Act of 1967

54.

Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

55.

Ms. Ridling was 57 years old at the time of her termination.

56.

Defendant discriminated against Ms. Ridling in the terms and conditions of her employment when it terminated her employment and replaced her with a younger candidate in violation of ADEA.

57.

Defendant discriminated against Ms. Ridling in the terms and conditions of her employment when Ms. Ridling was terminated but similarly situated, younger employees were not.

58.

Defendant subjected Ms. Ridling to retaliation because she opposed harassment based on her age in violation of the ADEA.

59.

Ms. Ridling is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under ADEA and all federal statutes providing remedies for violations of ADEA.

## COUNT IV

**Disability Discrimination in Violation of the Americans with Disabilities Act of 1990**

60.

Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

61.

Ms. Ridling is an individual with a disability and/or an individual perceived to be with a disability.

62.

Ms. Ridling is an individual with associational disability in caring for her ill father.

63.

Defendant discriminated against Ms. Ridling in the terms and conditions of her employment when it terminated her employment based on her disability, perceived disability, and/or association in caring for her ill father in violation of the ADA.

64.

Defendant discriminated against Ms. Ridling in the terms and conditions of her employment when Ms. Ridling was terminated but similarly situated non-disabled employees were not.

65.

Defendant subjected Ms. Ridling to retaliation because she opposed harassment based on her disability, perceived disability, and/or association with an individual with a disability in violation of the ADA.

66.

Ms. Ridling is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under ADA and all federal statutes providing remedies for violations of ADA.

**WHEREFORE,** Plaintiff prays:

(a) That summons issues and be served upon the Defendant in accordance with the provisions of law;

(b) A declaratory judgment that Defendant violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. Section 2000 *et seq.*, 42 U.S.C. Section 1981 through 42 U.S.C. Section 1983; the Equal Protection Clause to the Fourteenth Amendment to the Constitution, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990;

(c) A permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII, ADEA, ADA, or due process rights of employees;

(d) Full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(e) Reinstatement to Plaintiff's former position with Defendant at the same pay grade, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(f) Damages for medical treatment for anxiety and sleep deprivation caused by hostile work environment in an amount to be proven at trial;

(g) Compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, anxiety, stress, depression, humiliation, loss of enjoyment of life and special damages;

(h) A trial by jury;

(i) Attorney's fees and costs pursuant to 42 U.S.C. Section 1988 and as otherwise permitted by law; and

(j) All other and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of November, 2021.

SANCHEZ, HAYES & ASSOCIATES

BY: */s/ Rudjard Hayes*
RUDJARD HAYES
Georgia Bar No. 340329
Attorney for Plaintiff

BY:*/s/ Anita Clark*
ANITA CLARK
Georgia Bar No. 392235
Attorney for Plaintiff

1015 Tyrone Road
Suite 620
Tyrone, GA 30290
(770) 692-5020 Tel. No.
(770) 692-5030 Facsimile No.
rudjard@sanchezhayeslaw.com
anita@theconsensusgroup.com